IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SALOME LEMESSA, *et al.*, | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-10-0478 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
|    Defendant. | § | |

## **MEMORANDUM AND ORDER**

This insurance coverage case is before the Court on the Motion to Remand [Doc. # 9] filed by Plaintiffs Salome and Amanuel Lemessa, to which Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed a Response [Doc. # 15]. Plaintiffs neither filed a Reply nor requested additional time to do so. Having reviewed the record and applied relevant legal authorities, the Court **denies** the Motion to Remand.

In connection with the purchase of their home in Brazoria County, Texas, Plaintiffs executed a promissory note and deed of trust in favor of Universal American Mortgage Company, LLC. Wells Fargo claims to be the current holder of the promissory note, and has threatened foreclosure. Plaintiffs filed this lawsuit in Texas state court asserting that Wells Fargo is not the true owner of the note. Plaintiffs seeks monetary, declaratory, and injunctive relief. Defendant removed the case to federal court on the basis of diversity jurisdiction, and Plaintiffs moved to remand.

Federal district courts have jurisdiction over diversity suits where the amount in controversy exceeds $75,000 .00. *See* 28 U.S.C. § 1332(a). Plaintiffs argue that the amount in controversy in this case does not satisfy the jurisdictional minimum. The Court must first determine whether it is "facially apparent" from the complaint that the claims exceed the jurisdictional amount. *See White v. FCI USA, Inc.,* 319 F.3d 672, 675 (5th Cir. 2003). If it is not facially apparent, the Court may consider "summary judgment-type" evidence to ascertain the amount in controversy. *Id.* If the defendant shows that the amount in controversy satisfies the jurisdictional minimum, "removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995).

"When equitable and injunctive relief is sought 'the amount in controversy is measured by the value of the object of the litigation,' and '[t]he value of that right is measured by the losses that will follow.'" *See Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, *2 (S.D. Tex. Aug. 27, 2009) (citing *Milligan v. Chase Home Fin., LLC,* 2009 WL 562219, *3 (N.D. Miss. Mar. 4, 2009) (quoting *Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)); *Webb v. Investacorp, Inc.,* 89 F.3d 252, 256 (5th Cir. 1996)).

In this case, Plaintiffs seek a permanent injunction enjoining and restraining Wells Fargo from "interfering with Plaintiffs' right to the quiet enjoyment and use of the Home; [and] proceeding with or attempting to sell or foreclose upon the Home . . .." *See* Original Petition [Doc. # 1-4], ¶ 31(a).  Plaintiffs also seek a declaration "quieting title in the Plaintiffs." *See id.*, ¶ 31(b).  Because Plaintiffs seek a permanent injunction against foreclosure and to have quiet title in the home, the value of the declaratory and injunctive relief Plaintiffs seek is the value of the home for which they seek quiet title and an injunction against foreclosure.[1]  *See, e.g., Berry*, 2009 WL 2868224 at *3.  It is undisputed that the value of the home is more than $75,000.00.  As a result, the jurisdictional amount in controversy is satisfied, and it is hereby

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 9] is **DENIED**.

SIGNED at Houston, Texas, this **9th** day of **December, 2010**.

_____
Nancy F. Atlas
United States District Judge

---

[1]  Plaintiffs cite no legal authority for their argument that the amount in controversy is limited to the amount of equity they have in the home.